UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:11-CV-00058-GNS-LLK

KIMBERLY SEVERE PLAINTIFF

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Magistrate Judge Lanny King issued his Findings of Fact, Conclusions of Law, and Recommendations (DN 19) granting Kimberly Severe's ("Severe") claim for Social Security Disability benefits. The Commissioner objects to these findings. (DN 18). Because the Administrative Law Judge's ("ALJ") findings denying benefits are not supported by substantial evidence and no factual issues remain that require resolution, the objections are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Recommendations.

## I. BACKGROUND

This action arises from the ALJ's denial of Plaintiff Severe's Social Security disability insurance benefits. (Findings of Fact, Conclusions of Law 1, DN 19 [hereinafter R & R]). Severe is fifty-three years old and has a number of health problems including a thyroid disorder, arthritis, and slipped discs. (Administrative R. 44-48, DN 11 [hereinafter R.]). Severe has not held gainful employment since August 2005 after a horse riding accident which resulted in rib fractures. (R. 23-24). Severe's claim for social security benefits was denied by the ALJ on December 18, 2009, and by the Appeals Council on February 2, 2011. (Compl. 1, DN 1). Severe filed a Complaint with this Court following this denial on April 7, 2011. (Compl.). The Commissioner was unable to defend against the complaint because the transcript of the

administrative hearing was inaudible. (R & R 1). The Commissioner voluntarily remanded the matter for a new hearing, and the Court granted the motion. (Order, DN 8).

On remand, the ALJ conducted a hearing on October 26, 2012. (R & R 2). The ALJ found Severe had multiple impairments including hypertension, diabetes, knee pain, obesity and alcoholism, but that none of these impairments were severe. (R. 23-24). The ALJ considered the opinions of multiple physicians but gave the "greatest weight" to that of non-treating source, Dr. Timothy Gregg ("Dr. Gregg"), who found Severe could stand, and walk or sit six hours in an eight hour workday. (R. 29, 31). In contrast, the ALJ gave "little weight" to the treating source, Dr. Robert Flowers ("Dr. Flowers"), who found Severe had standing and walking limits of two to three hours. (R. 29, 31). Dr. Flowers was the only physician of record to consider the entire record.[1] (R. 29-30). Relying on the opinion of Dr. Gregg, the ALJ issued a finding of non-disabled. (R. 33). Defendant filed a motion to allow judicial review to proceed on January 29, 2015. (DN 9). Severe stated no objections and the Court granted the motion. (Order, DN 15).

The Magistrate Judge reviewed the ALJ's decision and found the ALJ erred in not giving controlling weight to the treating source, Dr. Flowers. (R & R 4-5). Specifically, the Magistrate Judge found that the ALJ improperly gave the "greatest weight" to Dr. Gregg, who made his determination before considering Dr. Flowers' opinion. (R & R 6-7). The Magistrate Judge found that Dr. Flowers both actually treated Severe and that his opinion was based on a more complete record than Dr. Gregg's. (R & R 6-7). Further, the Magistrate Judge found that the ALJ failed to consider additional impairments when determining Severe's residual functional capacity ("RFC"). (R & R 7-8). The Magistrate Judge concluded that an award of benefits was

---

[1] Dr. Flowers conducted his examination on October 9, 2009. (R. 29). All other physicians of record conducted their examinations before this date. (R. 29-30).

appropriate rather than remand because no factual issues remained in this case. The Defendant filed its objections to this finding on November 16, 2015. (Def.'s Objs. DN 20).

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

Social security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed findings of facts and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge then files a recommendation, and each party may object within fourteen days. 28 U.S.C. § 636(b)(1). Those parts of the report to which objections are raised are reviewed by the district judge *de novo*. *Id.* This differs from the standard applied to the Commissioner of Social Security's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citations omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)

(citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. **DISCUSSION**

Defendant's sole contention on judicial review is that the Magistrate Judge's recommendation to award benefits is improper and instead the Court should remand this case to the ALJ for further consideration. (Def.'s Objs. 2). Defendant does not contend that the ALJ's decision was supported by substantial evidence, nor does Defendant claim that the ALJ followed correct legal standards. (Def.'s Objs. 2). The Defendant claims that factual questions remain in this case that require a remand to the ALJ rather than an award of benefits. (Def.'s Objs. 2-3). Defendant does not, however, point to what these factual issues actual are. Instead, Defendant primarily argues that the Magistrate Judge exceeded his authority in determining that an award of benefits was appropriate. (Def.'s Objs. 3).

Sixth Circuit case law provides, however, that a court may award benefits without remand in certain circumstances. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014). "Benefits may be awarded immediately if all necessary factual issues have been resolved, the proof of disability is strong, and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming." *Id.* at 730 (internal quotation marks omitted) (citing *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 859 (6th Cir. 2011)).

Here, the Magistrate Judge found that remand would serve little purpose in this case and Defendant offers unpersuasive arguments otherwise. Defendant argues that "the weight accorded to Dr. Flowers' opinion would affect Plaintiff's RFC, and the determination of a Plaintiff's RFC is an administrative finding reserved to the Commissioner." (Def.'s Objs. 2-3). As noted above,

this Court is authorized to award benefits when the proof of disability is substantial or remand would serve only a cumulative purpose. *Gentry*, 741 F.3d at 730.

The Court finds in this case that the remand would merely present cumulative evidence to the ALJ. *Id.* Again, Defendant presents no arguments that factual issues remain in this case, only that the factual issues were improperly decided by the Magistrate Judge rather than the ALJ. (Def.'s Objs. 2-3). The Magistrate Judge properly found that the ALJ failed to give a treating physician controlling weight and failed to consider additional impairments. (R & R 5-8). The treating source is to be given the greatest weight unless the ALJ can show good cause. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir.2009). In contrast, the ALJ cannot give greater weight to an opinion which is not "based on a complete case record . . . ." *Id*. at 408. Thus, it is impossible for the ALJ to give greater weight to the opinion of any other physician in this matter other than to the opinion of Dr. Flowers supporting disability.

First, Dr. Flowers is a treating source whose opinions must be given the greatest weight, unless good cause can be shown. *Id*. The Defendant has established no claim that the ALJ could establish such good cause on remand. Second, Dr. Flowers' opinion is the *only* medical opinion to be based on a "complete case record." *Id*. Dr. Flowers' opinion was rendered on October 2009, whereas all other opinions (including the non-disabling opinion of Dr. Gregg) were rendered *prior* to Dr. Flowers' opinion. (R. 29-30). Therefore, not only was a disabling opinion rendered by the treating source and must be given the "greatest weight," the disabling opinion is the only opinion which *can* be given this weight because it is the only opinion to be based on a complete record. *Blakley*, 581 F.3d at 408. Since Dr. Flowers' opinion supports a finding of disability and the ALJ cannot give greater weight to Dr. Gregg, this Court finds no benefit in remanding this case for an additional hearing. (R & R 9).

Defendant does not dispute the ALJ failed in these regards and the Court sees no possibility for a differing result on remand. The ALJ conducted two hearings in this matter, one in 2009 and a second in 2012. (R & R 1-2). The Court finds no benefit in remanding this matter for a third hearing, in light of the evidence presented. The Sixth Circuit has granted an award of benefits after a single hearing before an ALJ due to "the opinions of the treating physicians, [plaintiff's] assertions of disabling pain arising from documented physical illness, injury, and mental impairment, and the extensive medical record . . . ." *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 439 (6th Cir. 2013) (citation omitted). It has also granted an award of benefits after a single hearing before an ALJ due to severity of the disabling conditions and in light of the impairments of the plaintiff. *Gentry*, 741 F.3d at 730. The Court finds that, after two hearings and having reviewed hundreds of pages of medical evidence, a judicial award of benefits is appropriate as it is supported by substantial evidence, and remand for further proceedings would result only in the presentation of cumulative evidence.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Findings of Fact, Conclusions of Law, and Recommendations of the United States Magistrate Judge (DN 19) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and the Commissioner's Objections (DN 20) are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 16, 2015

cc: counsel of record